**FILED**

OCT 0 1 2018

Clerk, U.S. District Court
District Of Montana
Helena



## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## BUTTE DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | **CV 18-00044-BU-SEH** |
| **Plaintiff,** | |
| vs. | **FINDING OF FACT, CONCLUSIONS OF LAW, DEFAULT JUDGMENT, AND ORDER OF FORFEITURE** |
| **TWO FIREARMS AND AMMUNITION,** | |
| **Defendant.** | |

This matter is brought before this Court by Plaintiff, United States, by and through its attorney, Victoria L. Francis, Assistant U.S. Attorney for the District of Montana. The United States has filed a Motion for Entry of Default Judgment and Order of Forfeiture pursuant to Fed. R. Civ. P. 55(b)(2). Upon considering the pleadings filed herein, the Court makes the following Finding of Fact and Conclusions of Law.

# FINDING OF FACT

1. On July 12, 2018, the United States instituted a judicial forfeiture action by filing in this cause a Verified Complaint *in Rem* against the defendant firearms, consisting of the following property involved in a violation of 18 U.S.C. § 922(g)(1), and subject to forfeiture pursuant to 18 U.S.C. § 924(d):

   - Taurus, model PT140 Millennium G2, CAL: 40 semi-automatic pistol, Serial No.SHY80774;

   - Mossberg, model 640K, CAL: 22, W.M.R. bolt-action rifle, Serial No. none;

   - 615 mixed rounds of .22 WMR, .270 WIN, and .40 S&W caliber ammunition.

2. On July 18, 2018, the ATF Special Agent Philip Swain, executed the Warrant of Arrest *in Rem* (Doc 4) that was issued by this Court on July 17, 2018, and arrested the defendant firearms. (Declaration of Arrest, Doc. 5).

3. On July 17, 2018, the United States provided notice of this forfeiture action by sending via first-class U.S. mail and certified mail, copies of the Verified Complaint for Forfeiture *In Rem* (Doc. 1) and the Notice of Verified Complaint for Forfeiture *In Rem* (Doc. 2) to Nathaniel Hewey at the address provided in his administrative claim. (*See* mailings attached to Doc. 8, as Ex. 1, and USPS

Return Receipt, signed by Nathaniel Hewey, on August 1, 2018, attached as Ex. 2).
*See also* Supplemental Rule G(4)(b)(iii)(E).

4. Additionally, on July 17, 2018, the United States provided notice of this forfeiture action by sending via first-class U.S. mail, copies of the Verified Complaint for Forfeiture *In Rem* (Doc. 1) and the Notice of Verified Complaint for Forfeiture *In Rem* (Doc. 2) to Kristoffer Carnes at the address provided by law enforcement, at the location where the potential claimant is incarcerated. (*See* mailing attached to Doc. 8, as Ex. 3). *See also* Supplemental Rule G(4)(b)(iii)(C).

5. Notice of this forfeiture action was also provided to any and all unknown potential claimants by publishing on the government's asset forfeiture website the Notice of Forfeiture Action for 30 consecutive days, beginning on July 21, 2018, and ending on August 19, 2018. The "Notice of Forfeiture Action" provides in pertinent part as follows:

> Any person claiming a legal interest in the Defendant Property must file a verified Claim with the court within 60 days from the first day of publication (July 21, 2018) of this Notice on this official government internet web site and an Answer to the complaint or motion under Rule 12 of the Federal Rules of Civil Procedure within 21 days thereafter. . . .

(Dec. of Publication, Doc. 6, Att. 1).

6. Upon considering the United States' Motion for Entry of Default of Known Potential Claimants (Doc. 7), the Clerk of District Court entered the default

of Nathaniel Hewey and Kristoffer Carnes, on August 30, 2018, for failure to timely file with the court, a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 9).

7.    Upon considering the United States' Motion for Entry of Default of Unknown Potential Claimants (Doc. 10), the Clerk of District Court entered the default of Unknown Potential Claimants, on September 24, 2018, for failure to timely file a verified claim and/or to answer or otherwise defend as required by the Supplemental Rules. (Doc. 12).

8.    The factual allegations set forth in paragraphs 4 through 14 of the Verified Complaint, are verified by ATF Special Agent, Philip Swain. (Doc. 1, pg. 9)

Based upon the foregoing finding of fact, the Court makes the following conclusions of law.

## CONCLUSIONS OF LAW

9.    The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1345 and 1355. The United States has filed a Verified Complaint for Forfeiture In Rem to forfeit the defendant property consisting of firearms, pursuant to 18 U.S.C. § 924(d)(1).

10.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1355 and 1395,

because the acts or omissions giving rise to the forfeiture occurred in and around Bozeman, Montana, and the defendant property is located in this district.

11.    Civil forfeitures are governed by the Supplemental Rules for Certain Admiralty or Maritime Claims and Asset Forfeiture Actions of the Federal Rules of Civil Procedure. *United States v. 2659 Roundhill Drive*, 283 F.3d 1146, 1149 n.2 (9th Cir. 2002).

12.    The Verified Complaint for Forfeiture *in Rem* sets forth detailed facts to support a reasonable belief that the United States will be able to meet its burden of proof at trial as required by Supplemental Rule G(2)(f), to support probable cause, and to provide proof by a preponderance of the evidence to seize and arrest the defendant firearms described in the verified complaint.

13.    Under 18 U.S.C. § 924(d), any firearm or ammunition involved or used in any violation of 18 U.S.C. § 922(g)(1), shall be subject to seizure and forfeiture.

14.    Notice of this action was properly provided to known potential claimants, Nathaniel Hewey and Kristoffer Carnes, by providing notice by mailing the Verified Complaint *In Rem* and Notice of Complaint for Forfeiture, in accordance with Supplemental Rule G(4)(b)(v).

15.    In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of Nathaniel

Hewey and Kristoffer Carnes. (Doc. 9).

16.   Notice by publication was also provided to any and all unknown potential claimants in accordance with Supplemental Rule (G)(4)(a)(iv)(C).

17.   In accordance with Fed. R. Civ. P. 55(a) and Supplemental Rules A(2) and G(5), the Clerk of District Court properly entered the default of unknown claimants. (Doc. 12).

18.   The United States is entitled to default judgment against the defendant firearms and ammunition and against any claims to the defendant property under Fed. R. Civ. P. 55(b)(2).   The United States is further entitled to an order of forfeiture of the defendant firearms.

Based upon the foregoing findings of fact and conclusions of law,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.   The United States is granted a default judgment against the defendant firearms and ammunition, which are more particularly described as follows:

- Taurus, model PT140 Millennium G2, CAL: 40 semi-automatic pistol, Serial No.SHY80774;

- Mossberg, model 640K, CAL: 22, W.M.R. bolt-action rifle, Serial No. none;

- 615 mixed rounds of .22 WMR, .270 WIN, and .40 S&W caliber ammunition.

2.  The defendant firearms are hereby forfeited to the United States and shall be disposed of in accordance with the law.

**DATED** this 1st day of October, 2018.

*Sam E Haddon*

Sam E. Haddon
United States District Judge